11th Court of Appeals
Eastland, Texas
Opinion
 
Gerald Lynn Gantt
            Appellant
Vs.                  No. 11-03-00139-CR – Appeal from Collin County
State of Texas
            Appellee
 
            Gerald Lynn Gantt was charged in an eight count indictment with the aggravated kidnapping
and the aggravated robbery of Eva Silvius, Jesus Hernandez, Joe Bolin, Jr., and Ryan Thompson. 
The trial court convicted appellant, upon his open pleas of guilty, of each offense and assessed his
punishment at confinement for life for each offense. The trial court ordered that the sentences run
consecutively. We affirm.
Background Facts
            The record reflects that appellant and three other men escaped from the Grayson County Jail. 
Joyce (Eva) Silvius testified that she owned the Jolabec Riding Stables in Collin County and that,
on October 12, 2001, she was expecting 18 Girl Scouts at 3:00 p.m. Before the girls were due to
arrive, appellant and the other three men entered her property, took money from her, tied her hands
and feet together, and placed her on her stomach on the floor of a small building that she used as an
office. During the entire incident, one man used a knife, another had a “long-barrel” gun, and
appellant used a gun. 
            After the men placed Silvius in the office, a grey pickup pulled up. The men brought beer
and marihuana into the office from the pickup. Silvius testified that the men discussed their escape
and their future plans while they drank the beer and smoked the marihuana. 
            Jesus Hernandez, a ranch hand, was returning from taking a horse to the vet and entered the
office. The men “put him on the floor and tied him up.” They then went through Hernandez’s
pockets. As a joke, the men “stuffed” a huge marihuana cigarette into Hernandez’s mouth. Silvius
testified that, when Hernandez passed out, the men laughed. 
            Next, Joe Bolin, Jr. came to help with the hay rides for the Girl Scouts. When he got out of
his van, appellant approached Bolin from behind, “put him”on the ground, and pointed a shotgun
at Bolin. The men then moved Bolin into the office with Silvius and Hernandez. Bolin testified that
the men went through his pockets. 
            About 30 minutes later, Ryan Thompson arrived to help with the trail rides. The men tied
Thompson up and placed him in the office with Silvius, Hernandez, and Bolin. Appellant pointed
a shotgun at the back of Thompson’s head. Thompson stated that the men emptied his pockets.            All during this time, the men continued to drink beer and smoke marihuana. One of the men
previously had worked for Silvius. He told her that they were going to go to her house to get her
guns and more money. When Silvius said that she had moved and that they would not be able to find
her home, appellant took her chin in his hand, told her that she was not in charge and that he was,
and threatened not only her life but also the lives of Hernandez, Bolin, and Thompson. 
            During the incident, the men left and returned several times in Silvius’s pickup; however,
none of the hostages were free to leave. When a man who boarded a horse with Silvius drove
through the gates and then drove off after recognizing Silvius’s former employee, the men pursued
him in Thompson’s pickup.
Court-Appointed Counsel’s Brief
            Appellant’s court-appointed counsel has filed a brief in which he states that he has diligently
reviewed the entire record and the applicable law and that he has concluded that the appeal is wholly
frivolous and without merit. Following the procedures outlined in Anders v. California, 386 U.S.
738 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel presents one 
arguable point of error. 
            Counsel has furnished appellant with a copy of the brief and has advised appellant of his right
to review the record and to file a pro se brief. A pro se brief has not been filed. Counsel has
complied with the procedures outlined in Anders v. California, supra; Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516
S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.
Counsel’s Arguable Point of Error
            Counsel argues that the trial court erred by failing to properly admonish appellant prior to
accepting his guilty pleas. Counsel contends that the trial court did not explain the effect of
“stacked” or consecutive sentences.
            The record reflects that the trial court admonished appellant both in writing and orally in
open court. The record further reflects that the trial court substantially complied with TEX. CODE
CRIM. PRO. ANN. art. 26.13 (Vernon Supp. 2004). Counsel correctly concludes that reversible
error has not been shown. The point of error is overruled.
This Court’s Review
            Following the procedures outlined in Anders, we have independently reviewed the record. 
The record reflects that the evidence is both legally and factually sufficient to support the
convictions. Jackson v. Virginia, 443 U.S. 307 (1979); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain v. State,
958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).
            The record further reflects that appellant was afforded reasonable assistance of counsel at
trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999); Stafford v. State, supra; Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App.1986). 
The record does not support the contention that there is a reasonable probability that, but for his trial
counsel’s advice, appellant would have entered pleas of not guilty and insisted on going to trial. Hill
v. Lockhart, 474 U.S. 52 (1985); Kober v. State, 988 S.W.2d 230, 232 (Tex.Cr.App.1999); Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex.Cr.App.1997), cert. den’d, 525 U.S. 810 (1998).
 

This Court’s Ruling
            We agree that the appeal is without merit. The judgments of the trial court are affirmed
 
                                                                                    PER CURIAM
 
April 22, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.